# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| NIXON LOUIS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | 1:17-cv-00419-GZS |
| v. | ) | |
| | ) | |
| GARY WALTZ, et al., | ) | |
| | ) | |
| Defendants | ) | |

## RECOMMENDED DECISION AFTER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A

In this action, Plaintiff Nixon Louis, an inmate in the custody of the Maine Department of Corrections, alleges that Defendant Gary Waltz, property officer for the Maine State Prison, and Defendant David Allen deprived Plaintiff of due process, subjected him to cruel and unusual punishment, and discriminated against him on the basis of race.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 6), which application the Court granted. (ECF No. 8.)  In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate.  28 U.S.C. § 1915(e)(2).  Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the case.

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities or officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## FACTUAL BACKGROUND

Plaintiff alleges that following his transfer to the Maine State Prison, an inmate who works in the property department of the prison[1] informed Plaintiff that a package containing some of Plaintiff's personal property had arrived from the Maine Correctional Center. Plaintiff told the inmate that the package should have been sent to Plaintiff's mother, but that, because the package had arrived at the Maine State Prison, he would like to retrieve some items from the package. The inmate advised Plaintiff that the inmate had arranged for the package to be shipped to Plaintiff's mother, and that Plaintiff would need to make a request with Defendant Waltz, the property officer, if he wanted to retrieve any of the items.

---

[1] For purposes of this Recommended Decision, I assume the inmate is "John Dillie property worker" identified as an additional defendant in Plaintiff's complaint. (Complaint at 3.)

According to Plaintiff, he made two requests of Defendant Waltz, but Defendant Waltz did not respond. Plaintiff was subsequently informed that the package had been sent to his mother. When Plaintiff consulted with his mother, he learned that the package did not include certain items of jewelry Plaintiff placed in the package.

Plaintiff filed two grievances with Defendant Allen, who denied both grievances. Plaintiff then wrote to the warden, but the warden did not respond.

Plaintiff asserts Defendants violated his right to due process because his "original grievance was dismiss[ed] with no other remedy for appeal" (Complaint at 4), because Defendants did not conduct an investigation, and because Defendants did not inventory Plaintiff's property in his presence when the property arrived.[2]

## DISCUSSION

According to Plaintiff, Defendants deprived him of the following rights protected by the United States Constitution: the right to due process of law; the right to be free from unreasonable searches and seizures; the right to be free from cruel and unusual punishment; the right to be free from discrimination on the basis of race; and "retained rights" not otherwise mentioned in the Constitution (based on Plaintiff's reference to the Ninth Amendment).

### A. Due Process

Plaintiff contends Defendants deprived him of due process because they did not inventory his property when it arrived at the prison and because they did not address his

---

[2] Plaintiff asserts that a Sergeant Teal is also responsible for the alleged constitutional deprivations, but Plaintiff did not identify Sergeant Teal as a defendant.

grievances sufficiently.  The Fourteenth Amendment prohibits state deprivation of property or liberty without due process of law.  "To establish a procedural due process claim under § 1983, a plaintiff must [demonstrate] that [he] was deprived of a property interest by defendants acting under color of state law and without the availability of a constitutionally adequate process." *Maymi v. P.R. Ports Auth.*, 515 F.3d 20, 29 (1st Cir. 2008).  Ordinarily, a procedural due process violation is complete when a deprivation is imposed through an established state procedure that does not comply with constitutional procedural standards. *Godin v. Machiasport Sch. Dep't Bd. of Directors*, 831 F. Supp. 2d 380, 389 – 90 (D. Me. 2011); *see also Zinermon v. Burch*, 494 U.S. 113, 132 (1990) ("In situations where the State feasibly can provide a predeprivation hearing before taking property, it generally must do so regardless of the adequacy of a postdeprivation tort remedy to compensate for the taking.").  However, where, as here, a prisoner alleges that an individual deprived him of property either through negligence or through intentional misconduct (sometimes referred to as a "random, unauthorized act"), the Due Process Clause is only violated if the state does not afford meaningful post-deprivation remedies.  *Hudson v. Palmer*, 468 U.S. 517, 532 – 33 (1984) ("[W]here a loss of property is occasioned by a random, unauthorized act by a state employee, rather than by an established state procedure ... it is difficult to conceive of how the State could provide a meaningful hearing before the deprivation takes place.") (internal quotations omitted); *see also Parrat v. Taylor*, 451 U.S. 527, 543 (1981) (affirming dismissal of due process claim where "the deprivation occurred as a result of the unauthorized failure of agents of the State to follow established state procedure" related to the receipt of prisoner packages by mail); *Watson v. Caton*, 984 F.2d 537, 541 (1st Cir.

1993) (affirming dismissal of due process claim based on defendant's alleged destruction of "non-allowable" property that arrived at prison by mail, without providing prisoner notice and an opportunity to mail the property elsewhere).

The Maine Law Court has recognized that prisoners can appeal to the state courts from administrative rulings made by the Department of Corrections on prisoner grievances. *Fleming v. Comm'r Dep't of Corr.*, 2002 ME 74, ¶ 9, 795 A.2d 692, 695 (Maine Rule of Civil Procedure 80C(i) allows not only a review of final agency action, but also an independent claim for damages where appropriate). In addition, under the Maine Tort Claims Act, governmental entities are liable for property losses arising from the operation or maintenance of any public building. 14 M.R.S. § 8104-A(2). Maine law thus affords an individual an adequate remedy for the negligent or intentional destruction of personal property in the form of a common law conversion claim. *Withers v. Hackett*, 1998 ME 164, ¶ 7, 714 A.2d 798, 800.

In essence, Plaintiff alleges the deprivation of personal property through the unauthorized act of someone within the Maine State Prison. Because the circumstances do not involve the deprivation of property as the result of an established state procedure, such as a disciplinary proceeding, and because meaningful state remedies are available if Defendants were responsible for the deprivation, Plaintiff has failed to state an actionable due process claim.

## B. Search and Seizure

Plaintiff's complaint might also be construed to assert that the deprivation of his property was an unreasonable seizure in violation of the Fourth Amendment. The United

States Supreme Court has held that prisoners have no reasonable expectation of privacy with respect to searches and seizures of their effects. *Hudson v. Palmer*, 468 U.S. 517, 526 (1984); *see also id.* at 527–28 ("A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order.").  Because the Fourth Amendment neither guarantees prisoners the right to possess or retain property free from interference by prison administrators, nor requires a reasonable basis for the seizure of prisoner's possessions, Plaintiff has failed to state an actionable claim for violation of the Fourth Amendment.

## C.    Cruel and Unusual Punishment

Plaintiff alleges that the combination of the loss of his property and the lack of an adequate administrative response constitutes cruel and unusual punishment. "It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). "Undue suffering, unrelated to any legitimate penological purpose, is considered a form of punishment proscribed by the Eighth Amendment." *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).  Cruel and unusual punishment consists of the denial of "the minimal civilized measure of life's necessities" assessed based on "the contemporary standard of decency." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Plaintiff's alleged loss of certain jewelry items and an inadequate administrative response to his grievances do not constitute "the denial of the minimal civilized measure

of life's necessities." *Id.* Plaintiff, therefore, has not asserted an actionable claim under the Eighth Amendment.

## D. Discrimination

Plaintiff alleges Defendants' conduct was motivated by discrimination. The Equal Protection Clause of the Fourteenth Amendment prohibits racial discrimination. *Aponte-Ramos v. Alvarez-Rubio*, 783 F.3d 905, 908 (1st Cir. 2015). To prove his case, Plaintiff must demonstrate that Defendants' conduct was motivated by "racially discriminatory intent or purpose." *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977). "Determining whether invidious discriminatory purpose was a motivating factor demands a sensitive inquiry into such circumstantial and direct evidence of intent as may be available." *Id.* at 266. Plaintiff must "tender competent evidence that a state actor intentionally discriminated against [him] because [he] belonged to a protected class." *Alexis v. McDonald's Rest. of Mass.*, Inc., 67 F.3d 341, 354 (1st Cir. 1995).

Plaintiff has not alleged any facts that would support a finding that Defendants' conduct was motivated by a discriminatory purpose. Because Plaintiff's allegations are entirely conclusory, Plaintiff has failed to state an actionable claim of discrimination.

## E. Retained Rights

The Ninth Amendment states: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. Simply stated, the Ninth Amendment "does not create substantive rights beyond those conferred by governing law." *Martinez-Rivera v. Sanchez Ramos*, 498 F.3d 3, 9 (1st Cir. 2007) (quoting *Vega–Rodriguez v. Puerto Rico Tel. Co.*, 110 F.3d 174, 182

(1st Cir. 1997), and affirming the dismissal of any Ninth Amendment claim).  Plaintiff's mere reference to the Ninth Amendment thus fails to state an actionable federal claim.

## CONCLUSION

Based on the foregoing analysis, pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), I recommend the Court dismiss Plaintiff's complaint.[3]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of November, 2017.

---

[3] To the extent Plaintiff attempted to assert a claim against another inmate (i.e., "John Dillie property worker" identified as an additional defendant in the complaint), Plaintiff has failed to allege any facts that would support an actionable federal claim against the inmate.