UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

NIXON LOUIS, )
                                 )
       Plaintiff          )
                                 )    1:17-cv-00419-GZS
v. )
                                 )
GARY WALTZ, et al., )
                                 )
       Defendants )

**RECOMMENDED DECISION ON PLAINTIFF'S
MOTION FOR RELIEF FROM JUDGMENT**

In this matter, Plaintiff Nixon Louis, an inmate in the custody of the Maine Department of Corrections, alleged that Defendants deprived him of due process, subjected him to cruel and unusual punishment, and discriminated against him.

On December 13, 2017, following review of Plaintiff's claims in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court determined that Plaintiff had failed to assert an actionable federal claim and dismissed Plaintiff's complaint. (Order Affirming Recommended Decision, ECF No. 13; Recommended Decision, ECF No. 11.) The Court entered its judgment of dismissal on December 13, 2017. (Judgment, ECF No. 14.)

The matter is now before the Court on Plaintiff's motion for relief from judgment. (Motion, ECF No. 15.) Through his motion, Plaintiff attempts to clarify the nature of his federal claim, and he evidently requests the opportunity to assert state law claims of negligence and conversion. (*Id.* at 2.)

Following a review of Plaintiff's motion, I recommend the Court deny the motion.

1

## DISCUSSION

A party may seek relief from judgment pursuant to Federal Rule of Civil Procedure 60.

Rule 60(b) provides:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) affords relief from final judgments only under exceptional circumstances. *Skrabec v. Town of N. Attleboro*, 878 F.3d 5, 9 (1st Cir. 2017). "A party seeking Rule 60(b) relief must show, at a bare minimum, 'that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted.'" *Id.* (quoting *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002)). Plaintiff asserts that

2

relief from the judgment is warranted because he failed to understand the significance of the Recommended Decision adopted by the Court, and because he was unable to research thoroughly the relevant issues before he filed an objection to the Recommended Decision.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011). To prosecute a claim in this Court, Plaintiff must assert facts within the Court's federal question or diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332.

Regardless of the bases for Plaintiff's motion, Plaintiff has failed to present any evidence to suggest that "he has the right stuff to mount a potentially meritorious claim." *Skrabec*, 878 F.3d at 9. First, as explained in the Recommended Decision, Plaintiff has not asserted sufficient facts to state an actionable federal claim. In addition, while Plaintiff could conceivably pursue a state law claim for negligence or conversion, Plaintiff has not alleged facts within this Court's diversity jurisdiction.[1] Federal district courts are courts of limited jurisdiction. Title 28 U.S.C. § 1332 provides in relevant part, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds

---

[1] This Recommended Decision should not be construed to comment on the merits of any state law claims Plaintiff might pursue in state court.

the sum or value of $75,000, exclusive of interest and costs, and is between …. citizens of different States." 28 U.S.C. § 1332(a)(1). Plaintiff has failed to allege sufficient facts in his complaint and in the motion for relief from judgment that would support a finding that the matter in controversy exceeds the sum or value of $75,000.[2] The Court, therefore, does not have diversity jurisdiction over Plaintiff's claim.[3]

Because Plaintiff has not asserted an actionable claim within this Court's federal question or diversity jurisdiction, Plaintiff is not entitled to relief from judgment pursuant to Rule 60(b).

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Plaintiff's motion for relief from judgment.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

---

[2] Plaintiff alleges the loss of his great grandmother's 18 karat gold chain and cross, and his grandfather's Masonic ring set with a 2.5 karat diamond. (Complaint at 3, ¶ 22.) While the items might be of significant personal value to Plaintiff, objectively, the value of the items does not satisfy the jurisdictional requirement.

[3] In his complaint, Plaintiff alleges he is currently confined to the Maine State Prison in Warren, Maine. In order for Plaintiff's claim to come within this Court's diversity jurisdiction, Plaintiff and Defendants must have been citizens of different states on the date the complaint was filed. Based on the allegations, Plaintiff and Defendants were residing in Maine when the complaint was filed. However, because "[i]n cases involving prisoners, the courts presume that the prisoner remains a citizen of the state where he was domiciled before his incarceration …." *Hall v. Curran*, 599 F.3d 70, 72 (1st Cir. 2010), the record is unclear whether Plaintiff and Defendants were citizens of different states at the time Plaintiff filed his complaint.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of February, 2018.